**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANDREA POLLOCK,               )

             Plaintiff,     )     Civil Action No. 15 - 334

                 )

             v.         )     Magistrate Judge Lisa Pupo Lenihan

                 )

BYRIDER FINANCE, LLC.,     )     ECF No. 23

                 )

             Defendant.   )

                 )

## OPINION

Plaintiff filed suit against Defendants under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219 for misclassifying her and other employees as "exempt" and failing to pay them overtime compensation. Compl. at ¶1 (ECF No. 1). The plaintiffs are all current and former assistant branch finance managers employed by Defendant at its corporate-owned dealerships at various locations throughout the U.S.  All parties consented to the jurisdiction of the magistrate judge.  (ECF No. 19.)

A Motion to Dismiss was filed in May, 2015, which has yet to be ruled upon by the Court because on June 8, 2015, the Court was notified via motion that the parties have since reached a settlement agreement. The notification came in the form of a Joint Motion for Leave to File Confidential Joint Motion for Approval of Settlement and Stipulation of Dismissal and Related Docs. (ECF No. 23.)  The Motion avers that the settlement agreement includes a provision to keep all financial terms of that settlement confidential. The case has not yet been ruled to be either a collective or a class action. For the reasons that follow, the Court denies the motion to seal.

A presumption of right of public access attaches to documents created in the course of

civil proceedings. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (citations omitted). This presumption can be rebutted "for documents which have not been 'filed with, … interpreted or enforced by the district court,'" *id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994)), if disclosure would compromise trade secrets or information that would "seriously compromise personal or institutional privacy or national security," *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013), or if the parties have relied on statements by the court that documents will remain confidential. *LEAP*, 638 F.3d at 222 (finding the presumption of public access rebutted because the movant "would not have entered settlement agreements *but for* the Court's assurance of confidentiality").

In the case of private FLSA actions for unpaid back wages, some courts have held that settlement agreements must be presented to the district court for approval before they can be considered valid and binding. *See, e.g., Lynn's Food Stores, Inc. v. U.S. ex rel U.S. Dep't. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Weismantle v. Jali*, No. 2:13-CV-01087, 2015 WL 1866190, at *1 (W.D.Pa. Apr. 23, 2015) (citing *Lynn's, supra*); *Deitz v. Budget Renovations & Roofing, Inc.*, No. 4:12-CV-0718, 2013 WL 2338496, *2 (M.D. Pa. May 29, 2013). *But see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (holding that a private settlement of claims under the FLSA is permissible where a bona fide dispute exists as to liability and the settlement did not compromise guaranteed FLSA substantive rights). The U.S. Court of Appeals for the Third Circuit has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases. Regardless of whether there is a requirement for court approval of the settlement, the parties here have requested it.

Settlements that are filed with the district court are considered to be a part of the judicial record and the presumption of right of public access attaches. *Bank of Am. & Nat'l Trust v. Hotel*

*Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986). Parties seeking to rebut this presumption bear the burden of persuasion and must demonstrate concrete examples of harm that would result from disclosure. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test [for good cause not to disclose]."); *see also LEAP,* 638 F.3d at 222 (holding "vague assertions that the transcript contains 'secretive business information,' and that disclosure would 'render LEAP at a tactical disadvantage[ ]' . . . are insufficient, on their own, to establish a strong interest in maintaining confidentiality.") The fact that parties have agreed to a nondisclosure provision is not by itself sufficient. *Goesel*, 738 F.3d at 835.

Numerous courts have been asked to consider and approve the terms of an FLSA settlement agreement and the vast majority of those court have found that the agreement should not be sealed. For a comprehensive list of these cases,  I refer to my colleague, District Judge Hornack's, opinion in *Weismantle,* 2015 WL 1866190, at *1. In addition to the multitude of arguments favoring public access to court records, there are specific reasons that apply to the issue of public access to settlement agreements in FLSA cases, as aptly summarized in *Stalnaker v. Novar Corp.*, 293 F.Supp. 2d  1260 (M.D.Ala.2003):

> And the presumption is surely most strong when the "right" at issue is of a "private-public character," as the Supreme Court has described employee rights under the FLSA. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 708, 65 S.Ct. 895, 903, 89 L.Ed. 1296 (1945). This public character is based on "an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the

free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided." *Id.* at 706–707, 65 S.Ct. at 902 (footnotes omitted). Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger "the national health and well-being." *Id.*

*Id.* at 1264.

Because the parties herein have filed the settlement agreement with the Court with the intent of requesting Court approval, it is a judicial record and subject to the presumption of right of public access. The parties bear the burden of persuasion to rebut this presumption and have offered no argument to rebut this presumption beyond the mere existence of a confidentiality provision in the settlement agreement**.** This is not sufficient to overcome the presumption of openness. Nor have the parties shown that this settlement agreement meets any of the exception criteria for trade secrets or other sensitive information or that they have relied on any statements by this Court assuring confidentiality.

Therefore, the parties' Joint Motion for Leave to File Confidential Joint Motion for Approval of Settlement and Stipulation of Dismissal and Related Documents Under Seal (ECF No. 23) will be denied.[1]

An appropriate Order will follow.

Dated: June 30, 2015

---

[1] In *Luo v. Zynga*, the U.S. District Court for the Northern District of California suggests three choices for the parties following the denial of such a motion: "(1) file a notice informing the Court that they wish to withdraw their motion seeking approval of the settlement and dismissal of the case; (2) file the unsealed settlement agreement as a public record; or (3) file a stipulated request for additional time if necessary to negotiate a new settlement." No. 13-CV-00186 NC, 2013 WL 5814763, at *4 (N.D. Cal. Oct. 29, 2013). If the parties choose option one, this District requires that the parties file a motion to withdraw their original motion, as opposed to a "notice".

BY THE COURT:

_____

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Counsel of record
*Via CM/ECF Electronic Mail*